In re Jeffrey J. DOBISCH, Debtor.

Jeffrey DOBISCH, Plaintiff,

v.

UNITED STATES of America
and George W. Stevenson,
Defendants.

Bankruptcy No. 91–29792–D.
Adv. No. 91–0811.

United States Bankruptcy Court,
W.D. Tennessee, W.D.

April 13, 1993.

G. Keith Rogers, Jr., Memphis, TN, for plaintiff.

Barbara M. Zoccola, U.S. Atty's. Office, Memphis, TN, for defendants.

## MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BERNICE BOUIE DONALD,
Bankruptcy Judge.

This cause is before the Court on a Motion for Summary Judgment filed by plaintiff/debtor, Jeffrey Dobisch. On September 5, 1991, the debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code. Under the debtor's confirmed chapter 13 plan, the Internal Revenue Service ("IRS") was listed as a priority creditor to receive $159.00 per month. On December 27, 1991, the debtor filed this adversary proceeding seeking to have the claim filed by the IRS disallowed. On February 6, 1992, this court entered an "Order Granting Petition for Temporary Restraining Order" enjoining the chapter 13 trustee from making any disbursements to the IRS and ordering it to hold all payments to the IRS pending a final determination in the adversary proceeding with regard to the claim of the IRS. On March 17, 1992, the defendants filed their response to the plaintiff's complaint and petition for temporary injunction.

Plaintiff argues in his motion for summary judgment that there is no genuine issue of material fact and moves the Court to enter an Order declaring that, as a matter of law:

1. The United States of America is liable to plaintiff for $342.00 illegally levied upon by the IRS;

2. The Notice of Federal Tax Lien filed by the IRS which constitutes a lien on 1448 Merrycrest Drive, Memphis, Tennessee is null and void and that said lien be set aside;

3. The claim filed by the IRS in the instant case is not valid and should be disallowed and all funds held by the bankruptcy trustee pursuant to "Order Granting Petition for Temporary Restraining Order" be returned to plaintiff.

A remaining issue is whether the plaintiff is entitled to recover damages, costs, expenses and attorney's fees pursuant to 26 U.S.C. § 7430, 26 U.S.C. § 7432, 26 U.S.C. § 7433 and 28 U.S.C. § 2412.

### BACKGROUND FACTS

Plaintiff is the surviving son of Donald Dobisch who died intestate on May 16, 1984. Pursuant to the Tennessee Laws of Intestate Succession, the plaintiff acquired an undivided interest in 1448 Merrycrest Drive, Memphis, Tennessee which was owned by Donald Dobisch at the time of his death.

Jeffrey Dobisch testified that either on April 15, 1985 or shortly before, he mailed a final Form 1040 on behalf of his deceased father for the tax year ending December 31, 1984. On June 13, 1985, the IRS sent a form letter to Jeffrey Dobisch explaining that it either needed more information or did not have the fully completed forms that were required. Specifically, he had either failed to file a Form 1310 or the Form 1310 did not contain enough information. *See*, Ex. 1. Dobisch was also to send other required documents such as a court certificate evidencing the plaintiff's appointment as personal representative and a copy of the death certificate. *Id.* The IRS received the additional information required on July 12, 1985. *See* Ex. 2 to Jeffrey Dobisch Affidavit.

On August 19, 1985, the IRS assessed the tax against the estate of Donald Dobisch. The notice indicated that Donald Dobisch's income tax liability was $2,887 for the tax year 1984. The Service Center also assessed a late filing penalty of $398.27, an under payment penalty of $163.28, a late penalty of $26.55 and interest of $129.67. *See* Ex. 2. On May 18, 1987, the Service Center abated the late filing penalty for "reasonable cause shown." *See* Request for Adjustment.

On April 12, 1989, the IRS issued a Notice of Deficiency to the debtor in the amount of $2,975.00 as a transferee of assets of the deceased. Debtor did not file a petition with the Tax Court to contest the deficiency notice. The IRS avers it assessed the transferee's liability of the tax owed by the deceased to Jeffrey Dobisch on October 2, 1989. Subsequently, the IRS filed a "Notice of Federal Tax Lien Under Internal Revenue Law" in the Shelby County Register's Office and on July 8, 1991, wrote a letter to the debtor giving notice of intent to levy on the property. On August 15, 1991, the IRS gave notice of levy against the property and seized it on August 16, 1991.

### SUMMARY JUDGMENT

 Summary Judgment is available for a moving party only when, after consideration of the evidence presented by the pleadings, affidavits, answers to interrogatories, and depositions in a light most favorable to the non-moving party, there remain no genuine issues of material fact. F.R.B.P. 7056(c). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment, the requirement being that there be no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir.1989).

### ISSUES

The debtor requests summary judgment on the following three issues:

1. If the IRS assessed tax liability against Jeffrey J. Dobisch on October 2, 1989, was the assessment barred by

the statute of limitations set forth in Internal Revenue Code ("I.R.C.") § 6901(c)?

2. Did the IRS assess transferee tax liability against Jeffrey J. Dobisch on October 2, 1989?

3. Did the IRS give proper notice of intent to levy against Jeffrey J. Dobisch's property as required by I.R.C. § 6631(d)?

### DISCUSSION

A discussion of the issues will be taken in the order presented by the debtor. Thus, the Court will first consider whether the IRS timely assessed the transferee tax against Jeffrey Dobisch for the liability owed by Donald Dobisch.

■ I.R.C. § 6501(a) and § 6901(c) provide that the period of limitations for assessing tax against the transferee is one year after the expiration of the period for assessment against the transferor, which is three years. Furthermore, pursuant to I.R.C. § 6503(a)(1), the statute of limitations on assessment is suspended while the IRS is prohibited from assessing the tax (90 days) and for 60 more days following the prohibition of assessment. Thus, the IRS had four years plus 150 days from the time the IRS received a completed and signed final Form 1040 filed by the debtor on behalf of his deceased father in which to assess the transferee tax. Under the provisions of the Internal Revenue Code, the statute of limitations for assessment of a tax imposed under the Code commences to run on the date the return is actually filed. *Automobile Club of Mich. v. C.I.R.*, 353 U.S. 180, 77 S.Ct. 707, 1 L.Ed.2d 746, rehearing denied, 353 U.S. 989, 77 S.Ct. 1279, 1 L.Ed.2d 1147 (1957). In order for a return to be deemed "filed" for purposes of determining the statute of limitations for assessments, it must both contain all the information necessary for a determination of tax liability and be properly signed or verified. *See, Haring v. U.S.*, 142 F.Supp. 782 (D.C.Ohio 1956) and *I.J. Knight Realty Corp.*, 431 F.Supp. 946 (D.C.Pa.1977).

■ The debtor contends that he filed the final return of Donald Dobisch on April 15, 1985. The IRS, on the other hand, argues that a signed and completed return was not filed until July 12, 1985. Debtor testified that on April 15, 1985, he filed his father's 1984 final income tax return, along with the debtor's own personal return, by dropping both in a U.S. Mailbox. (Transcript, p. 51). Debtor, further testified that he did not file a statement of refund due a deceased taxpayer (Form 1310) with his father's return since the return showed a tax owing for that year. (Transcript, p. 52).

A letter sent to the debtor by the IRS dated June 13, 1985 (Ex. 1) states in pertinent part as follows:

> In processing your federal income tax for the year ended above, we find we need more information or do not have the fully completed forms that are required.
>
> The required Form 1310 is missing, or the Form 1310 attached does not contain enough information. Please complete, sign, and return the enclosed form. If you are an administrator or executor, also send a court certificate currently in effect showing your appointment as personal representative. If you are not court appointed, please mark Box C, as claimant. Complete Schedule A, and send a copy of the death certificate.

The debtor testified that, in response to the letter, he sent a copy of the death certificate and a signed Form 1310 back to the IRS (Transcript, p. 52).

The IRS does not refute that the debtor sent the return on April 15, 1985, but instead argues that the return mailed on April 15, 1985 was not complete because it lacked Form 1310. Thus, the IRS contends that the statute of limitations did not begin to run until the debtor mailed Form 1310 which, according to the IRS, did not occur until July 12, 1985.

Elizabeth Jeu, a tax examiner with the IRS, testified on behalf of the IRS that Form 1310 must be included and attached to a deceased taxpayer's return even if no refund is requested. (Transcript, p. 34). The instructions to Form 1040, however, make no mention of a requirement that

Form 1310 needs to be included. These instructions, under the heading "Death of a Taxpayer," state in pertinent part as follows:

The person who files the return should write "DECEASED," the taxpayer's name, and date of death across the top of the return.

The instructions to Form 1310 further state as follows:

**Purpose of Form**

Use Form 1310 to claim a refund on behalf of a deceased taxpayer.

**Who Must File**

If you are claiming a refund on behalf of a deceased taxpayer, you must file Form 1310 unless **either** of the following applies:

—You are a surviving spouse filing an original joint return with the decedent, OR

—You are a personal representative (see back of form) filing an original Form 1040, Form 1040A, Form 1040EZ, or Form 1040NR for the decedent and a court certificate showing your appointment is attached to the return. .

These instructions clearly indicate that one only needs to file a Form 1310 if one is claiming a refund.

As previously stated, in order for a return to be complete so as to be deemed "filed" for purposes of determining the statute of limitations for assessments, it must meet two requirements: (1) it must contain all the information necessary for a determination of tax liability, and (2) be properly signed or verified. See, *Haring v. U.S.*, and *I.J. Knight Realty Corp., supra.* The IRS does not aver that these two requirements were not met, but instead imposes a third requirement, that Form 1310 must be included.

The Court finds in view of the fact that the debtor was not requesting a tax refund for his deceased father, and in light of the language on the instructions on Forms 1310 and 1040, that Form 1310 is superfluous and thus not necessary for the return to be complete. As a result, the Court concludes that, as a matter of law, the tax return mailed on behalf of Donald Dobisch by the debtor on April 15, 1985 was complete so as to be deemed "filed" for purposes of the statute of limitations.

The IRS thus had four years plus 150 days from April 15, 1985 (until September 12, 1989) to assess the transferee tax. Both the Notice of Federal Tax Lien and the Levy indicate that an assessment was made on the property in question on October 2, 1989. Since the assessment was made after September 12, 1989, the Court finds that the assessment of taxes against Jeffrey Dobisch is invalid.

In light of the Court's finding that the assessment was not timely made, the Court need not consider the issue of whether the IRS gave proper notice of intent to levy as required by I.R.C. § 6331(d).

### CONCLUSION

In summary, this Court concludes that there is no genuine issue of material fact and that, as a matter of law, the return mailed on April 15, 1985, was a complete and signed final return so as to be deemed "filed" for purposes of the statute of limitations. Therefore, the court finds that the assessment of the debtor's property made by the IRS on October 2, 1989 was not timely.

As a result, the Court orders that the lien on 1448 Merrycrest Drive, Memphis, Tennessee be set aside.

**IT IS SO ORDERED.**